UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/09
```

RICHARD ELDEN, GAIL M. ELDEN, and
THOMAS ELDEN,

                  Plaintiffs,

-v-

MERRILL LYNCH & CO., INC., *et al.*,

                  Defendants.

No. 08 Civ. 8738 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Presently before the Court are Defendants' two pending motions pursuant to Rule 12(b)(6), and the parties' July 20, 2009 proposed discovery schedule. Additionally, by letter dated July 27, 2009, Plaintiffs requested an adjournment until mid-August of the previously scheduled July 30, 2009 conference. For the reasons set forth below, Defendants' motions are granted in part and denied in part, the conference is cancelled, and the Court will set a discovery schedule in a separate order based on the parties' joint submission.

    On October 14, 2008, Plaintiffs commenced this action against Defendants Merrill Lynch & Co., Inc. ("ML&Co."), Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPF&S," collectively with ML&Co., the "Merrill Lynch Defendants"), and JPMorgan Chase Bank, N.A. ("JPMorgan"). The Complaint contains nine causes of action based on the Uniform Commercial Code ("UCC") and common law. (Doc. No. 1.) Plaintiffs' first four claims are brought against the Merrill Lynch Defendants for "improper payment" under UCC Article 4, "lack of ordinary care" under UCC Article 3, breach of contract, and negligence, respectively. (Compl. ¶¶ 44-66.) The remaining five claims are brought against JPMorgan. (*Id.* ¶¶ 67-95.) In the fifth cause of action, Plaintiff Thomas Elden

("Elden") brings a claim against JPMorgan for conversion. (*Id.* ¶¶ 67-70). In the remaining causes of action, Elden brings claims against JPMorgan as a subrogee of a non-party tenant whose rent checks were allegedly embezzled through conduct that is related to Plaintiffs' allegations. (*Id.* ¶¶ 71-95.) On January 9, 2009, the Merrill Lynch Defendants filed a motion to dismiss each of Plaintiffs' claims against them (Doc. No. 16), and JPMorgan filed a motion to dismiss Plaintiffs' sixth, seventh, eighth, and ninth causes of action (Doc. No. 19).[1]

In their motion to dismiss, the Merrill Lynch Defendants first argue that the Complaint lacks sufficient factual allegations against ML&Co. (Merrill Lynch Defs.' Mem. at 2-3.)[2] The Court agrees. Specifically, Plaintiffs' factual allegations do not support either: (1) a plausible basis upon which ML&Co. could be held directly liable, or (2) a relationship that could result in ML&Co. being liable for the actions of MLPF&S. *See, e.g., Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*, No. 03 Civ. 613 (GBD), 2004 WL 112948, at *8 (S.D.N.Y. Jan. 22, 2004) ("Having failed to sufficiently allege a theory of vicarious liability either under a theory of agency, alter-ego, or partnership, plaintiffs have not alleged sufficient facts to support any tort or contractual claims . . . ."). Accordingly, the Merrill Lynch Defendants' motion to dismiss Plaintiffs' claims against ML&Co. is granted, subject to the caveat that Plaintiffs are granted permission to supplement their factual allegations by filing an Amended Complaint before August 10, 2009.

The second contention in the Merrill Lynch Defendants' motion is that the duties imposed on Plaintiffs by UCC § 4-406 require dismissal of Plaintiffs' first four causes of action. (*See* Merrill

---

[1] The Court presumes the parties' familiarity with Plaintiffs' allegations, as well as the well-settled legal standards governing a motion pursuant to Rule 12(b)(6), *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

[2] The Merrill Lynch Defendants also point out that Plaintiffs appear to have confused the nature of these Defendants' affiliation. Contrary to Plaintiffs' allegations, MPLF&S — not ML&Co. — is a broker-dealer. (Compare Merrill Lynch Defs.' Mem. at 2 n.1, *with* Compl. ¶¶ 10-11.)

Lynch Defs.' Mem. at 3-6.) However, the checks and account statements upon which the Merrill Lynch Defendants' arguments are based are extraneous to the Complaint and therefore not properly before the Court on a motion pursuant to Rule 12(b)(6). *See, e.g., Zeising v. Kelly*, 152 F. Supp. 2d 335, 342 (S.D.N.Y. 2001). Recognizing this procedural obstacle, the Merrill Lynch Defendants ask the Court to convert their motion to one for summary judgment. (*See* Merrill Lynch Defs.' Mem. at 5 n.4.) Given the procedural posture of this case, the Court declines to do so. *See, e.g., Agostino v. Simpson*, No. 08 Civ. 5760 (CS), 2008 WL 4906140, at *2 n.3 (S.D.N.Y. Nov. 17, 2008) ("Because there has been no discovery in this case to date, the Court declines to convert the [m]otion to one for summary judgment."); *Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F. Supp. 2d 175, 179 n.3 (S.D.N.Y. 2007). Accordingly, the remainder of the Merrill Lynch Defendants' motion is denied.

Defendant JPMorgan has not moved to dismiss Elden's conversion claim. (*See* Compl. ¶¶ 67-70.) Rather, it seeks dismissal of the claims brought by Elden as a subrogee, arguing that the tenant on whose behalf Elden seeks to bring the claims has not suffered cognizable damages under the UCC or the common law. (JPMorgan Mem. at 4-7.) However, Plaintiffs' allegation that one of their employees embezzled, *inter alia*, rent checks that were written by the putative subrogor, made payable to Elden, and ultimately deposited at JPMorgan is sufficient to support a plausible inference that the subrogor suffered damages. (*See* Compl. ¶¶ 31-33.) JPMorgan offers no authority for its arguments that Elden was required either to file an action against the tenant prior to bringing a claim as a subrogee or to proffer specific allegations regarding the extent of the subrogor's liability in the Complaint. (*See* JPMorgan Mem. at 7.) Simply put, the Court finds these contentions unpersuasive, and JPMorgan's arguments cannot be resolved at the pleadings stage. Accordingly, JPMorgan's

3

motion is denied.

In light of the foregoing, IT IS HEREBY ORDERED THAT the previously scheduled July 30, 2009 conference in this matter is cancelled, and the Court will set a discovery schedule in a separate order.

IT IS FURTHER ORDERED THAT, if Plaintiffs wish to file an Amended Complaint, they must file and serve the new pleading by August 10, 2009.

The Clerk of the Court is respectfully directed to terminate the motions docketed as document numbers 16 and 19.

SO ORDERED.

DATED:   July 28, 2009
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE